IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13cv334

| | |
|---|---|
| RACHEL PALACINO and JOHN PALACINO, ) ) ) Plaintiffs, ) ) v. ) ) BEECH MOUNTAIN RESPORT, INC., ) ) Defendant. ) _____) | ORDER |

Pending before the Court is Plaintiffs' Motion for Sanctions [# 24]. Plaintiffs move for the imposition of sanctions against Defendant for its failure to disclose the existence of an umbrella insurance policy to Plaintiffs until after the Court ordered mediation and the close of discovery. Defendant objects to the imposition of sanctions. Upon a review of the record and the relevant legal authority, the Court **GRANTS in part** and **DENIES in part** the Plaintiffs' Motion for Sanctions [# 24].

**I.     Analysis**

Rule 26 of the Federal Rules of Civil Procedure provides that a party must, without waiting for a discovery request, disclose to the opposing party any insurance agreement pursuant to which an insurer may be responsible for satisfying

all or part of a possible judgment in the action. Fed. R. Civ. P. 26(a)(1)(A). In general, a party must provide the opposing side its initial disclosures within fourteen days of the parties' Rule 26(f) conference or within the time set by the Court. Fed. R. Civ. P. 26(a)(1)(C). An attorney of record for the party must sign the initial disclosures and certify that "to the best of the person's knowledge, information, and belief formed after a reasonable inquiry" that the disclosures are complete and correct. Fed. R. Civ. P. 26(g)(1). "[B]y signing the certification mandated by Federal Rule of Civil Procedure 26(g), an attorney "certifies that he or she has made a reasonable effort to assure that the client has provided all the information and documents available to the client that are responsive to the discovery demand." Morris v. Lowe's Home Ctrs., Inc., No. 1:10CV388, 2012 WL 5347826, at *4 (M.D.N.C. Oct. 26, 2012) (internal quotation and citation omitted); see also Huggins v. N.C. Dep't of Admin., No. 5:10-CV-414-FL, 2012 WL 5303702, at *3 (E.D.N.C. Oct. 25, 2012). The entire purpose of Rule 26(a)(1) is to provide for the disclosure of basic information needed in most every case in order to prepare for trial or make an informed decision as to settlement. Fed. R. Civ. P. 26(a) advisory committee's note to 1993 amendment.

Where a party fails to comply with the initial disclosure requirements of Rule 26, the Federal Rules of Civil Procedure provide for the imposition of

sanctions against the offending party. Specifically, Rule 26(g)(3) provides:

> If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

In combination with Rule 37, Rule 26(g)(3) establishes sanctions where a party fails to comply with the initial disclosure requirements and provide discovery. Fed. R. Civ. P. 26(g) advisory committee's note to 1993 amendment. Pursuant to Rule 37, a party who fails to provide information as required by Rule 26(a) may not use that information at trial unless the party's failure to disclose the information was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Rule 37 further provides that in addition to or instead of excluding the information, the Court may: (1) "order payment of the reasonable expenses, including attorney's fees, caused by the failure;" (2) "inform the jury of the party's failure; and" (3) impose other appropriate sanctions including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1).

In determining whether sanctions are warranted under Rule 37(c)(1), the United States Court of Appeals for the Fourth Circuit has set forth a five part test for determining whether nondisclosure is substantially justified or harmless. Hoyle v. Freightliner, LLC, 650 F.3d 321, 329 (4th Cir. 2011). Courts should consider:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

United States v. $134,750 U.S. Currency, 535 F. App'x 232, 238 (4th Cir. 2013) (unpublished); see also Hoyle, 650 F.3d at 329.

Defendant served Plaintiffs with its Initial Disclosures on April 9, 2014. (Pls.' Mot. Sanctions Ex. A ("Pls.' Ex. A"), at 3.) Defendant did not disclose the existence of any insurance agreements in its Initial Disclosures, instead stating that such agreements "[w]ill be supplied." (Pls.' Ex. A at 3.) Attorney Kimberly Sullivan signed the Initial Disclosures on behalf of Defendant. (Pls.' Ex. A at 3.) The next day, Defendant supplemented its Initial Disclosures by providing the declaration page of Defendant's commercial general liability policy. (Pls.' Mot. Sanctions Ex. B ("Pls.' Ex. B"), at 1.) The General Liability Policy has a $1,000,000.00 limit for each occurrence. (Pls.' Ex. B at 3.)

On March 16, 2015, the parties met to mediate this dispute. (McDevitt Aff. ¶ 2; Sullivan Aff. ¶ 9.) During this mediation, it appears that Sullivan first learned of the existence of an umbrella policy that was in place during the relevant time period. (Sullivan Aff. ¶¶ 12-13.) Two days later, Sullivan provided Plaintiffs with the declaration page for Defendant's umbrella policy. (Pls.' Mot. Sanctions Ex. D

("Pls.' Ex. D"); Sullivan Aff. ¶ 14; McDevitt Aff. ¶ 9.)  The Commercial Umbrella Liability Policy has a policy limit of $10,000,000.00.  (Pls.' Ex. D at 2.)

As a threshold matter, the Court finds that Defendant violated the initial disclosure requirements of Rule 26(a) as well as this Court's Pretrial Order, which directed Defendant to provide the required information by April 9, 2014.  (Order, Mar. 11, 2014.)  Defendant was obligated to notify Plaintiffs of the existence of the umbrella policy that might satisfy a potential judgment in this case by April 9, 2014.  Fed. R. Civ. P. 26(a)(1)(A)(iv).  By waiting nearly a year to provide this information to Plaintiffs, Defendant failed to comply with its legal obligations imposed by the Federal Rules of Civil Procedure and this Court's Pretrial Order.

Defendant makes much of the fact that Plaintiffs did not serve any discovery requests related to insurance coverage after receiving the declaration page on April 10, 2014, for the General Liability Policy and did not question Defendant's corporate representatives during their depositions as to issues of insurance coverage.  Such arguments, however, demonstrate a failure to recognize the very purpose of the enactment of the initial disclosure requirements - to require parties to reveal basic information needed in almost every civil case to their adversaries at the beginning stages of litigation without the need for formal discovery requests.  See Fed. R. Civ. P. 26(a) advisory committee's note to 1993 amendment; 8A

Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure, § 2053 (3d ed. 2010).  Armed with this basic case information at the start of discovery, the parties may more narrowly tailor discovery to the merits of the case.  Defendant was legally obligated to disclose both policies in its Initial Disclosures, and its failure to do so violated its obligations under the Federal Rules of Civil Procedure and the Court's Pretrial Order.

Moreover, the Court finds that the Certification provided by Sullivan for the Initial Disclosures violated Rule 26(g) because Defendant's Initial Disclosures were not complete and were not made after a reasonable inquiry.  Sullivan requested that Gil Adams, the Mountain Manager and Risk Manager for Defendant, provide her with all applicable insurance policies. (Sullivan Aff. ¶¶ 3-4.)  Sullivan does not state that she independently verified the completeness of the information provided to her or that she took any additional steps to ensure that the information she provided Plaintiffs was complete or that a reasonable inquiry was made prior to providing the Initial Disclosures.  Because Sullivan does not represent to the Court that she undertook any independent inquiry to verify whether the information provided by Adams was complete prior to signing the Certification, the Court will also look to the actions of Adams in determining whether the Certification violated Rule 26(g).

At the request of Sullivan, Adams provided her with a copy of the General Liability Policy. (Sullivan Aff. ¶ 5.) Sullivan then provided a copy of the declaration page to Plaintiffs. (Sullivan Aff. ¶ 6.) Adams, however, failed to make a reasonable inquiry into the existence of the relevant insurance policies. (Adams Aff. ¶¶ 1-14.) Even a cursory review of the existing policies in place at the time of the accident should have revealed the Commercial Umbrella Liability Policy. While Defendant was not obligated to conduct an exhaustive search, it was obligated under Rule 26 to disclose the information reasonably available to it. Fed. R. Civ. P. 26(a)(1)(E). There is no question that the umbrella policy was reasonably available to Defendant at the time. Despite the fact that no reasonable inquiry had actually occurred, Sullivan certified that to the best of her knowledge that and after a reasonable inquiry, the Initial Disclosures were complete and correct, thereby violating the requirements of Rule 26. See Fed. R. Civ. P. 26(g)(1). Because the Court finds that the certification violated Rule 26(g) without substantial justification, the Court "must impose an appropriate sanction . . . ." Fed. R. Civ. P. 26(g)(3).

The question of what an appropriate sanction is in this case is the more difficult question. As a threshold matter, the Court agrees with Plaintiffs that the failure to disclose the umbrella policy did in fact harm Plaintiffs. For example,

Plaintiffs were unable to properly assess litigation strategy, to properly value Defendant's ability to pay any potential judgment, and to properly determine its mediation strategy because Plaintiffs did not have all the information that should have been provided to them at the early stages of these proceedings. The Court also finds that some sanction is warranted in this case in order to deter parties and their counsel from not taking their Rule 26 initial disclosure obligations seriously and ensure that parties and their counsel make a reasonable inquiry with respect to Rule 26(a) disclosures. Put simply, an attorney signing initial disclosures in federal court must do more than what was done in this case to ensure that complete and accurate information is provided to the opposing side pursuant to Rule 26.

The Court, however, also finds that Plaintiffs overstate the extent of the harm and request sanctions that are not appropriate for the nature of the offense. There is no evidence that Defendant intentionally failed to disclose the umbrella policy. Absent such evidence, the Court finds that the requested jury instruction regarding Defendant's failure to comply with Rule 26 is unwarranted.[1] Moreover, the reopening of discovery is similarly unwarranted as the result of the late disclosure of the umbrella policy. No further discovery is warranted in this case as

---

1 Plaintiffs also request that the Court prohibit Defendant from introducing evidence at trial of lack of capacity to pay a punitive damage award. The Court need not address this issue at this time. At trial, Plaintiffs can object to the introduction of such evidence and the Court will make an appropriate ruling at the time.

the result of Defendant's failure to comply with the requirements of Rule 26.

The Court also finds that an award of attorney's fees and cost related to the mediation is too severe absent some evidence that Defendant's failure to disclose the umbrella policy was intentional or undermined the mediation. Based upon the record before the Court, it does not appear that Defendant had any intention of settling this case at mediation for an amount that would have been acceptable to Plaintiffs, regardless of whether Plaintiffs knew about the existence of the umbrella policy. And because both insurance policies were underwritten by the same provider who had a representative at the mediation, the Court sees no need in requiring the parties to re-mediate this dispute.

Ordinarily, the Court would award Plaintiffs their costs and fees, including attorney's fees, in bringing the Motion for Sanctions. This case, however, is different from the typically discovery violation seen by this Court because Sullivan immediately provided the declaration page of the umbrella policy after learning of its existence. While this disclosure does not nullify Defendant's failure to conduct a reasonable inquiry in the first instance or Sullivan's failure to ensure that her client conducted a reasonable inquiry prior to signing the certification, it does impact the scope of sanctions because the umbrella policy information was not disclosed as the result of the Motion for Sanctions. Rather, Defendant disclosed

the umbrella policy to Plaintiffs, and then Plaintiffs brought this motion.

Upon a review of the relevant legal authority and the entire record in this case, the Court finds that an appropriate and reasonable sanction in this case for Defendant's failure to comply with Rule 26 is a sanction payable to the registry of the Court. The Court finds that sanctions in the amount of $1000 as to Attorney Kimberly Sullivan and $500 as to Defendant are reasonable and appropriate sanctions for the failure to comply with the requirements of Rule 26, as well as the Court's Pretrial Order. The Court imposes the larger sanction on Sullivan in this case because, as the individual signing the certification, she bears ultimate responsibility for ensuring that a reasonable inquiry is made and that the information provided in the Initial Disclosures are complete and accurate. The costs and fees incurred by Plaintiffs as a result of Defendant's failure to comply are simply too tenuous to award Plaintiffs their costs caused by the violation.

**II.    Conclusion**

The Court **GRANTS in part** and **DENIES in part** the Motion for Sanctions [# 24]. The Court **GRANTS** the motion to the extent that Plaintiffs seek sanctions for Defendant's failure to comply with Rule 26. The Court finds that an appropriate and reasonable sanction is a sanction payable to the registry of the Court in the amount of $1000 as to Attorney Kimberly Sullivan and $500 as to

Defendant. The Court **DIRECTS** Sullivan and Defendant to forward payment to the **CLERK** within ten (10) days of the entry of this Order. The failure to pay the sanction will result in the imposition of additional sanctions. To the extent the Motion for Sanctions seeks the imposition of sanctions greater than those imposed by this Court, the Court **DENIES** the motion.

Signed: December 11, 2015

Dennis L. Howell
United States Magistrate Judge