**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13 CV 334**

| | |
|---|---|
| RACHEL PALACINO AND JOHN PALACINO, )<br>)<br>Plaintiffs, )<br>)<br>v )<br>)<br>BEECH MOUNTAIN RESORT, INC., )<br>)<br>Defendant. ) | **ORDER** |

**THIS MATTER** is before the Court upon the following motions:

(1)   Plaintiffs' Motions in Limine (#69); and

(2)   Defendant's Amended Motions in Limine (#77).

Having considered such motions, the Court enters the following evidentiary rulings:

**(A)   Plaintiffs' Motions in Limine (#69).**

1.   <u>The Lift Ticket and Rental Contract</u>.  In the Plaintiffs' Motions in Limine, the Plaintiffs seek to exclude from evidence a lift ticket that was provided to Plaintiff Rachel Palacino on the date of the accident described in the Plaintiffs' Complaint which allowed Mrs. Palacino to use the ski facilities and slopes of Defendant.  The Plaintiffs also seeks exclusion of a document entitled "The Ski

1

Shack Equipment Rental Contract" which is dated January 14, 2011 which was provided to the Plaintiff as a part of her rental of skis and other type of equipment. The Plaintiffs contend that pursuant to the case of Strawbridge v. Sugar Mountain Resort, Inc., 320 F. Supp.2d 425, 432-34 (W.D.N.C.), on reconsideration in part, 328 F. Supp. 2d 610 (W.D.N.C. 2004), the lift ticket and equipment rental contract should be excluded from evidence. In Strawbridge the Court addressed a similar lift ticket and a similar equipment rental agreement that had been issued by a competitor of the Defendant, that being Sugar Mountain Resort, Inc. Language in the lift ticket issued by the Defendant (#70-1) states that the Plaintiff, by accepting the lift ticket, understands that "skiing, snowboarding, and tubing can be hazardous and accepts and assumes the inherent risks of skiing, snowboarding, and tubing." The equipment contract (#70-2) issued by Defendant contains a release of liability stating that the user of the equipment agrees "to expressly assume all risk of injury or death that may result in skiing/snowboarding/ski/boarding use, or which relate in any way to use the equipment." In Strawbridge, United States District Judge Lacy Thornburg found that similar language in the lift ticket and in the equipment rental agreement issued by Sugar Mountain Resort, Inc. was unenforceable.

Additionally, the facts in this case show that at the time of her injuries, the Plaintiff was not using the ski facilities or the equipment. Instead, she was on a mission to use the restroom facilities in a building located upon Defendant's property

and while doing so was allegedly struck in the head by a piece of ice or snow that fell off of a roof.  At the point in time when the injury allegedly occurred, Plaintiff was not skiing, snowboarding, or tubing.  As a result, the waiver and the assumption of risk language stated in the lift ticket and equipment rental agreement would not apply to the Plaintiff at the time of the incident.

Finally, the probative value of the lift ticket and the rental agreement contract, which are unenforceable, or any reference to them, would be substantially outweighed by a danger of unfair prejudice and confusing the issues in the case as provided by Rule 403 of the Federal Rules of Evidence.

As a result of the foregoing, the undersigned will grant the Motion in Limine of the Plaintiffs (#69) as to the lift ticket and the equipment rental contract.  The Defendant is ordered and prohibited from offering the lift ticket or the rental contract into evidence at trial or asking any questions to the Plaintiff or any witness in the case that references either the lift ticket or the equipment rental contract.

2.	The Vargas Interview Request.  The Plaintiffs' Motion in Limine seeks an order prohibiting the introduction into evidence, or testimony and commentary about the fact that the Defendant's expert did not personally interview the Plaintiff.  Plaintiffs' counsel declined a request from Defendant's counsel to produce Mrs. Palacino for an interview with the Defendant's vocational and life care planning expert.  The request was made during the period with discovery was ongoing.

Plaintiffs' counsel declined the request. Defendant's counsel did not file a motion for an examination as provided by Fed. R. Civ. P. 35(a)(1). The undersigned finds it would be prejudicial for the Defendant to now be allowed to cross-exam the Plaintiff about a decision that was made by her counsel which the Defendant did not contest during the period of time when such could be heard. The undersigned will enter an order in limine prohibiting Defendant from offering evidence, testimony or presenting or asking any question or making any comment about the request made by Defendant's counsel to the Plaintiffs' counsel that the Plaintiff present herself for a Rule 35(a)(1) examination. The Plaintiffs' Motions in Limine (#69) as to the Vargas Interview Request is hereby allowed.

Conversely, Plaintiffs' counsel are instructed not to ask any questions of the Defendant's expert witness concerning why the expert did not personally interview the Plaintiff.

**(B)  Defendant's Motions in Limine (#77)**

The Defendant has submitted twenty-two motions in limine which the undersigned will address as presented.

1.  <u>Motion in Limine to exclude any and all testimony referring to the insurance status of any party in this lawsuit, including the fact that Defendant has liability insurance</u>. This motion will be denied without prejudice because it is premature at this time. However, the parties are directed and ordered not to mention

insurance in any way, form or fashion in this case. Counsel for the parties are directed to advise all witnesses that are called that the witness is not to mention insurance in any way, form or fashion in his or her testimony.

2. <u>Motion in Limine to exclude any mention or attempt to elicit from any expert or other witness the fact that the Defendant was or is an insured by any insurance company</u>. This motion will be denied without prejudice because it is premature at this time. However, the parties are directed and ordered not to mention insurance in any way, form or fashion in this case. Counsel for the parties are directed to advise all witnesses that are called that the witness is not to mention insurance in any way, form or fashion in his or her testimony.

3. <u>Motion in Limine to exclude any and all testimony regarding the financial circumstances of the Defendant or the relative wealth of the parties</u>. The undersigned will deny this motion without prejudice because the motion at this time is considered by the Court to be premature. The Defendant will be allowed to renew the motion or object to testimony upon being advised that evidence of such is being proposed.

4. <u>Motion in Limine to exclude any and all opinion testimony given by law witnesses regarding causation</u>. This motion is denied without prejudice because it was premature. The undersigned cannot make a determination about what type of evidence or witness the Defendant requires to be excluded. It appears the Defendant

is asking for an advisory opinion upon the admissibility of evidence without showing to the Court the type of evidence which could be objectionable.

5. <u>Motion in Limine to exclude testimony by any lay witness about the opinions of other witnesses</u>. This motion is denied without prejudice because it is premature.

6. <u>Motion in Limine to exclude any testimony by an expert witness in response to any hypothetical question not based on facts of record</u>. This motion is denied without prejudice because it is premature.

7. <u>Motion in Limine to preclude Plaintiff from offering any evidence or otherwise alluding to offers of settlement</u>. This motion is denied without prejudice at this point because it is premature. However, the Court recognizes that the rules of evidence preclude introduction into evidence of settlement discussions except under exceptions that are set forth under Rule 408 of the Federal Rules of Evidence. Counsel for the Plaintiffs and the Defendant are ordered to instruct their witnesses that the witness is not to testify as to any offer of settlement unless an objection has been overruled and such testimony is allowed.

8. <u>Motion in Limine to preclude Plaintiff from offering evidence or otherwise commenting on any prior or subsequent incidents involving injuries on this Defendant's Premises</u>. During the hearing of the Motion in Limine, this motion was withdrawn by the Defendant.

9. <u>Motion in Limine to preclude Plaintiffs, Plaintiff family members, or any other lay witness from offering any medical opinions</u>. This motion is denied without prejudice because it is premature. At this time, the Court cannot determine what evidence the Defendant wishes the Court to exclude.

10. <u>Motion in Limine to prohibit Plaintiffs' counsel from arguing or inferring that the jury should "send a message" to the community or the hospitality or tourism industry</u>. This motion will be allowed. Plaintiffs' counsel advised that they will not make such argument.

11. <u>Motion in Limine to prohibit Plaintiffs or Plaintiffs' counsel from asking jurors to put themselves in the Plaintiffs' place</u>. This motion is denied without prejudice as being premature. For further reason for denying the Defendant's motion, the case cited by the Defendant in support of this motion does not support the Defendant's contention. The Plaintiffs, in argument, advised they would not be making such an argument.

12. <u>Motion in Limine to prohibit Plaintiff or Plaintiff's counsel from expressing their personal belief in the veracity of any party or witness</u>. This motion was withdrawn during the hearing of the motion.

13. <u>Motion in Limine to prohibit Plaintiffs' evidence from including witnesses or documents not disclosed during discovery</u>. This motion was withdrawn during the hearing of the motion.

14. <u>Motion in Limine to prohibit Plaintiffs' expert Anthony Sciara from testifying regarding the total cost of future care for Plaintiff Rachel Palacino.</u> This motion is denied without prejudice due to being premature. The Defendant may object to such testimony and at that time, the Court will determine whether or not the witness has testified consistent with any report that he prepared and which has been produced or any testimony he has previously presented in a deposition.

15. <u>Motion in Limine to prohibit any evidence or arguments relating to the size, number, locations of the law firms or lawyers representing Beech Mountain Resort</u>. This motion was withdrawn by the Defendant during the hearing of the motions.

16. <u>Motion in Limine to prohibit any reference or arguments regarding subsequent remedial measures or current policies and procedures taken by Defendant.</u> This motion is denied without prejudice due to the fact it is premature. The Court cannot determine at this time the evidence to which the Defendant might object. The Defendant may present an objection when such evidence is proposed and the undersigned will rule upon it.

17. <u>Motion in Limine to prohibit speculation by Plaintiffs or other lay witnesses regarding what allegedly hit Plaintiff</u>. This motion was withdrawn by the Defendant during the hearing of the motions.

18. <u>Motion in Limine to prohibit any mention of prior sanctions in this case.</u>

This motion is allowed.  Both Plaintiffs' counsel and Defendant's counsel are ordered to direct any witness they may call not testify about any award of sanctions in this matter.

19. <u>Motion in Limine to prohibit Plaintiffs, their attorneys, and experts, from making any argument that urges the jury to make an inference of negligence.</u>  This motion is denied without prejudice as being premature.

20. <u>Motion in Limine to prohibit Plaintiffs, their attorneys, and experts, from making any reference to verdicts in other cases</u>.  This motion is allowed. However, it is ordered that neither the Plaintiffs nor the Defendant nor any witness called in this case are to make any reference to any verdict in any other case. Counsel for both the Plaintiffs and the Defendant are instructed to advise their witnesses not to make any reference in their testimony about any verdict in any other matter.

21. <u>Motion in Limine to prohibit Plaintiffs, their attorneys, and experts, from making any reference to how Plaintiffs' injuries have impacted their family or friends.</u>  This motion is denied without prejudice due to being premature.

22. <u>Motion in Limine to prohibit testimony from Plaintiffs' expert Alan Campbell from offering testimony regarding whether the maintenance practices of Defendant were effective or any other testimony as to snow removal practices at ski resorts as a whole</u>.  This motion is denied.  The Court has already ruled upon Defendant's Daubert's motion regarding Mr. Campbell's testimony in this case.  It

appears Defendant is attempting to use a motion in limine to ask the Court to again address Mr. Campbell's testimony and the Court will not do so.  If Mr. Campbell is qualified as an expert witness he will be allowed to testify as to the opinions he provided in any expert report he prepared and which was produced or consistent with the testimony he provided in any deposition.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the Plaintiffs' Motions in Limine (#69) are **ALLOWED** and Defendant's Amended Motions in Limine (#77) is **GRANTED in part** and **DENIED in part** as set forth in this Order.

Signed: March 3, 2016

Dennis L. Howell
United States Magistrate Judge