IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13cv334

| | | |
|---|---|---|
| RACHEL PALACINO and JOHN PALACINO, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| BEECH MOUNTAIN RESORT, INC., | ) ) ) | |
| Defendant. | ) ) | |

Pending before the Court is the Motion Objecting to and Seeking Partial Review of Clerk's Taxation of Costs [# 124]. After the entry of Judgment in favor of Plaintiff Rachel Palacino against Defendant Beech Mountain Resort, Inc. in this case, Plaintiffs filed a Bill of Costs. The Clerk of Court then entered a Taxation of Costs in the amount of $23,793.12. Plaintiffs now seek review of the portions of the Taxation of Costs to which they object. Upon a review of the pleadings, the record, and the relevant legal authority, the Court **DENIES** the Motion [# 124].

**I.     Analysis**

Rule 54 of the Federal Rules of Civil Procedure generally provides that the prevailing party may recover its costs, other than attorneys' fees. Fed. R. Civ. P. 54(d)(1). The Clerk of Court makes the ruling on the taxation of costs. Id.; LCvR

1

54.1(D). The Local Rules also list the items that are normally taxed and the items that are not normally taxed. LCvR 54.1(F)-(G). Once the Clerk makes a ruling on the allowable costs, a party may request review of the Clerk's ruling by filing a motion within seven days. Fed. R. Civ. P. 54(d)(1); LCvR 54.1(E).

The Clerk of Court taxed costs against Defendant in this case in the amount of $23,793.12. Plaintiffs seek review of the Clerk's ruling disallowing costs for: (1) the costs of video depositions of John Adams and Ryan Costin; (2) daily trial transcripts; and (3) mediator fees. The Court finds that the Clerk of Court properly determined that these costs were not taxable under Rule 54.

First, the mediator selected in this case was not a court-appointed expert for which Plaintiffs are entitled to recover their costs. In fact, the Local Rules make clear that the costs associated with mediation are normally not taxable. LCvR 54.1(G)(7). And Plaintiffs have failed to point to any compelling reason for why this Court should tax the costs of the mediation in this case.

Second, the costs associated with obtaining the daily trial transcripts are not taxable. As the Local Rules make clear, the costs of obtaining a daily trial transcript are normally not taxed unless the party obtains prior Court approval. LCvR 54.1(G)(2). Here, Plaintiffs did not seek prior Court approval to obtain these transcripts, and the Court finds that the Clerk properly denied Plaintiffs' request for the costs associated with the daily trial transcripts.

Finally, Plaintiffs may not recover the costs of both the videotaping and stenographic recording of the depositions. A prevailing party may only recover the costs of both transcribing and videotaping a deposition where the party demonstrates that both costs were necessary for use in the case. <u>Cherry v. Champion Int'l Corp.</u>, 186 F.3d 442, 449 (4th Cir. 1999). "The concept of necessity for use in the case connotes something more than convenience or duplication to ensure alternative methods for presenting materials at trial." <u>Id.</u> While the use of the video depositions in this case to present the testimony of Gil Adams and Ryan Costin may have been an effective legal strategy for presenting testimony, it was not necessary. Both witnesses were available to testify at trial and were actually in the courtroom for much of the trial. In addition, Plaintiffs could have read the transcripts into the record, as the parties did with other witnesses. Because both the stenographic transcripts and videotape were not necessary to the presentation of Plaintiffs' case, the Clerk was correct in only allowing the recovery of the costs associated with the stenographic transcripts. <u>See id.</u>; <u>Irwin Indus. Tool Co. v. Worthington Cylinders Wisconsin, LLC</u>, Civil No. 3:08cv291, 2010 WL 3895701, at * 3-4 (W.D.N.C. Oct. 1, 2010) (Reidinger, J.) (allowing costs for only stenographic transcripts).

## II. Conclusion

The Court **DENIES** the motion [# 124].

Signed: September 20, 2016

Dennis L. Howell
United States Magistrate Judge